UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| DARRELL L. LAWSON ) | |
| ) | |
| v. ) | NO. 2:05-CV-224 |
| ) | |
| JO ANNE B. BARNHARDT, ) | |
| Commissioner of Social Security ) | |

## **MEMORANDUM OPINION**

The plaintiff Darrell L. Lawson has filed a motion for a judgment on the pleadings on his complaint to obtain judicial review of the final decision of the defendant Commissioner of Social Security Jo Anne B. Barnhardt denying his application for supplemental security income and disability insurance benefits under the Social Security Act. The defendant has filed a motion for summary judgment.

Mr. Lawson was born in 1964 and was 40 years old at the time of his administrative hearing. [Tr. 47, 209]. He completed ninth grade and has relevant past work experience as a farmer. [Tr. 14, 209]. Mr. Lawson alleges he is disabled as of December 31, 1994, from chronic back pain, chronic headaches, and anxiety. [Tr. 14]. Based upon a finding that his severe impairment was not severe enough, the Administrative Law Judge [ALJ] found that Mr. Lawson was not disabled as defined by the Social Security Act. [Tr. 16].

Mr. Lawson's testimony was received into evidence at his February 13, 2004, administrative hearing. [Tr. 209-26]. He testified he has been in about six motor vehicle accidents and "the wreck that hurt [him] was in 1992." [Tr. 210]. He previously worked as a farmer and miner and last worked in 1994. [*Id.*]. Mr. Lawson testified that since his 1992 accident he has had neck, shoulder, leg, back, and hip problems as well as migraine headaches. [Tr. 212, 221]. He has had surgery for a ruptured disc which helped him some. [Tr. 213]. His head has also been fractured at least five times, and he has pain on the right side of his head as a result. [Tr. 214]. Mr. Lawson also experiences anxiety while driving. [Tr. 219].

The ALJ ruled that Mr. Lawson was not disabled because his severe back disorder was not a severe enough impairment for a finding of disability. [Tr. 16]. The ALJ then found Mr. Lawson retained the residual functional capacity [RFC] to perform light work. [Tr. 17]. With that limitation plus consideration of his age, education, and work experience, the ALJ found Mr. Lawson not disabled. [Tr. 19].

This court must affirm an ALJ's conclusions unless the ALJ applied incorrect legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405g. "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The findings of the Commissioner are not

2

subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Accordingly, this court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

Mr. Lawson has filed a motion to consider newly discovered evidence outside the record. The evidence consists of a mail receipt with a notation that indicates delivery of mail on February 17, 2005, to the office of the ALJ as well as a copy of a facsimile transmission with indicates the delivery of an express mail package on February 17, 2005, to the office of the ALJ. This motion is unopposed and is hereby granted.

Mr. Lawson requests, *inter alia*, a remand of his case pursuant to the sixth sentence of 42 U.S.C. § 405 (g) for the consideration of additional medical evidence. This court may remand this case to the Commissioner upon a showing by Mr. Lawson that this new evidence is material to his case and that there was good cause for his failure to include this evidence earlier. 42 U.S.C. § 405 (g). Evidence is new only when it was not in existence *and* not available prior to an ALJ's decision. *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990). Evidence is material if there is a reasonable probability the ALJ would have reached a different decision had the additional

3

evidence been presented. *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001).

The additional medical evidence for consideration is the medical records of Dr. John Hancock. This court, however, has no basis on which to rule on this issue because the records of Dr. Hancock are not before this court. During the administrative hearing, Mr. Lawson's attorney explained that she requested medical records from Dr. John Hancock "at least three times" but had yet to receive a response. [Tr. 208]. Indeed, she had "not gotten a piece of paper out of him in 10 years," and she did not know of any attorneys who had been successful in that respect. [*Id.*]. The ALJ indicated he would "request records from Dr. Hancock" after he received pharmacy records Mr. Lawson forgot to bring to the administrative hearing.[1] [Tr. 224].

The ALJ wrote in his opinion that he had "exhausted all efforts in attempting to obtain medical records from Dr. Hancock." [Tr. 15]. He requested records in both September 2004 and December 2004. [*Id.*]. On January 18, 2005, the ALJ issued a subpoena to the doctor via certified mail. [*Id.*]. The ALJ issued his decision on February 25, 2005, without having Dr. Hancock's medical records for review. [Tr. 20]. Evidence submitted to this court indicates the ALJ's office received something

---

[1] The record indicates pharmacy records were received around August 18, 2004.

4

from Dr. Hancock's office on February 17, 2005.

Mr. Lawson's request for a remand under sentence six of 42 U.S.C. § 405 (g) is denied as this court cannot realistically evaluate the request without a chance to review the allegedly new evidence.

Instead, this court remands the case pursuant to sentence four of 42 U.S.C. § 405 (g) for further development of the record concerning the documents delivered to the ALJ's office on February 17, 2005.

Mr. Lawson's additional complaints with the ALJ's decision will not be addressed at this time.

After careful consideration of the entire record of proceedings related to this case, Mr. Lawson's motion to consider newly discovered evidence outside the record [Doc. 20] will be granted. This case will be remanded to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405 (g), for further development of the record concerning the documents delivered to the ALJ's office on February 17, 2005.

An appropriate order will follow.

        ENTER:

        s/Thomas Gray Hull
        THOMAS GRAY HULL
          SENIOR U. S. DISTRICT JUDGE